UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE ROGERS, JR.<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL ASTRUE COMMISSIONER OF SOCIAL SECURITY<br><br>    Defendants. | Case No.: 1:09-cv-02158-JLT<br><br>ORDER DIRECTING REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g)<br><br>(Doc. 13)<br><br>ORDER DIRECTING THE CLERK TO ENTER JUDGMENT FOR PLAINTIFF WILLIE ROGERS, JR. AND AGAINST DEFENDANT MICHAEL J. ASTRUE |

On June 16, 2010, Defendant filed a motion to remand this case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13.) In the motion and in an errata (Doc. 15), Defendant recited that the parties had not been able to reach an agreement regarding the request to remand the matter. The Court ordered responsive briefing and on July 9, 2010, Plaintiff filed his opposition. (Doc. 16.)

**NATURE OF THE DISPUTE**

Defendant contends that remand of this case is necessary because the residual functional capacity ("RFC") finding of the Administrative Law Judge ("ALJ") conflicts with the hypothetical posed to the vocational expert ("VE") which formed the basis for the ALJ's decision. (Doc. 13.)

Defendant notes that the ALJ's RFC finding limits the claimant to two hours walking,

1

standing, and sitting in an eight-hour day although the hypothetical adopted by the ALJ ("the first hypothetical"), allows standing and walking for two hours and sitting for six hours (AR at 14, 46). Defendant contends that remand in this case would permit the ALJ to clarify whether the RFC finding is accurate, or whether the hypothetical posed to the vocational expert is accurate. Because there are different outcomes depending on the ALJ's clarification, Defendant contends that further proceedings are necessary rather than a remand for payment of benefits. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000) (court cannot grant an award of benefits where, among other conditions, there are "outstanding issues that must be resolved").

      Plaintiff opposes this motion on several grounds. Plaintiff's primary argument is that the matter should be reversed with an award of benefits to Plaintiff, rather than remanded without such an award. Plaintiff argues that the first hypothetical, was explicitly rejected by the ALJ in his narration. Instead, Plaintiff contends that a second hypothetical posed to the VE "mirrors" the ALJ's RFC findings, and therefore, forms the evidentiary basis for the RFC finding. (Doc. 16 at 2.) Because, under this second hypothetical, the VE testified that the person would be unable to work (AR at 47), Plaintiff argues that it is the ALJ's ultimate conclusion that he is not disabled that is incongruous, rather than the ALJ's RFC assessment. (Doc. 16 at 3.)

      Plaintiff notes further that the only support for the limitations outlined in the first hypothetical, is from the opinions of the state-retained experts which the ALJ explicitly discounted. Id. Instead, the ALJ afforded "greater weight" to the opinion of orthopedist, Dr. Kim. Further, Plaintiff argues that accepting Dr. Kim's opinion requires the conclusion that Plaintiff is, indeed, disabled because he is unable to meet the eight-hour per day work demand. Id.

      The Court has considered and evaluated the arguments of counsel and consulted the administrative record and based thereon orders the matter **REMANDED** for the reasons set forth below.

## ANALYSIS

1. <u>Because of the various inconsistencies in the ALJ's decision, remand is warranted</u>

When determining Plaintiff's RFC, the ALJ found that Plaintiff was capable of lifting and

2

carrying no more than 10 pounds, of sitting, standing and walking for two hours in an eight-hour workday and only occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching and crawling. AR at 14. He found that Plaintiff was precluded from climbing ropes, ladders and scaffolds and had to avoid walking on uneven terrain and exposure to unprotected heights. AR at 14.

Although the RFC related to lifting and carrying was consistent with the requirements for sedentary work (20 C.F.R. §§ 404.1567(a), 416.967(a)), the ALJ concluded that Plaintiff was capable of sitting, standing and walking for only two hours in an eight-hour workday. Because this finding demonstrates that Plaintiff can work for only a quarter of an eight-hour day, this RFC finding does not support the conclusion that Plaintiff could do sedentary wok or that he was <u>not</u> disabled. Soc. Sec. Ruling 83-10.

Additionally, the ALJ's RFC is not supported by the hypotheticals posed to the VE and, specifically, is not supported by the first hypothetical upon which his opinion purports to rely.[1] AR at 14, 46-47). The first hypothetical described a person that could lift and carry 20 pounds occasionally and 10 pounds frequently and had the ability to stand and walk for two hours and to sit for six hours. AR at 46. Based upon this hypothetical, the vocational expert opined that there were approximately 6,400 sedentary jobs available for the person. This opinion, therefore, determined that the person was not disabled, which is the ultimate conclusion that the ALJ reached in his opinion. AR at 20-21. As noted above, this hypothetical is significantly different from the ALJ's RFC with respect to the number of total hours worked per day and in the ability to lift and carry. AR at 14, 46.

The second hypothetical is deficient also. The second hypothetical described a person who could lift and carry less than 10 pounds, stand approximately 30 minutes at a time, walk a maximum of one-and-a-half blocks and sit for two hours. AR at 47. This person was described to have difficulty in using the left upper extremity at and above shoulder level, and in bending and was precluded from kneeling, stooping or squatting. AR at 46-47. This hypothetical seems consistent

---

[1] The ALJ cites specifically to the testimony of the vocational expert and his opinion given as to the first hypothetical in his conclusion that Plaintiff is not disabled. AR at 20.

1    with the testimony Plaintiff offered about his abilities.  AR at 39-40.

2           On the other hand, although Plaintiff argues that this second hypothetical "mirrors" the ALJ's
3    RFC finding, clearly, it does not. (Doc. 16).  The ALJ's RFC determination found that Plaintiff was
4    able to sit, stand and walk for two hours, while this hypothetical varies from that.  Also, the RFC
5    indicated that Plaintiff could kneel, stoop or squat occasionally, although this hypothetical supports
6    that he was precluded from this action.  AR at 14.

7           Additionally, it does not appear that either hypothetical was fully supported by the medical
8    evidence.  Notably, the ALJ accorded "substantial weight' to the opinions of treating physician Dr.
9    Kim and gave "little weight" to the opinion of the state evaluator.  AR at 16.  Given this, Dr. Kim
10   opined that Plaintiff could sit <u>six hours in an eight-hour workday, and stand and walk *less than* two
11   hours in an eight-hour work day</u>.  AR at 15.  Dr. Kim opined also that Plaintiff needed a cane to help
12   with balance over all terrains.[2]  AR at 15.

13          Nevertheless, seemingly, the ALJ rejected portions of Dr. Kim's opinion without providing
14   any explanation for this in his decision.  Also, there seems to be no medical support for the ALJ's
15   conclusion that Plaintiff could sit, stand and walk for only two hours in an eight-hour workday.  The
16   law is clear that the ALJ must include in his hypotheticals posed to the VE all of the restrictions that
17   are supported by substantial evidence. <u>Osenbrock</u>, 240 F.3d at 1164-65 (holding that a hypothetical
18   question posed to a VE must include all impairments supported by substantial evidence); <u>see also</u>
19   <u>Tonaypetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that an examining physician's
20   opinion constitutes substantial evidence if based upon the physician's own independent examination
21   of the claimant).  If the hypothetical that is adopted by the ALJ is deficient in this regard, then the
22   opinion of the VE has insufficient evidentiary support and cannot justify the conclusion of the ALJ.
23   <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1993) ("If  a vocational expert's hypothetical does
24   not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to

---

26       [2]The Court notes that Plaintiff's counsel posed a hypothetical to the VE that incorporated all of thelimitations
     outlined by Dr. Kim.  AR at 47.  In response, the VE opined that Plaintiff would be considered to be "less than sedentary"
27   due to his inability to work for eight hours. <u>Id.</u>  However, this hypothetical is not consistent with the RFC either.

28                                                    4

1  support a finding that the claimant can perform jobs in the national economy.'")

2  Therefore, the Court finds that the ALJ's decision contains significant defects and
3  inconsistencies and, given Defendant's implied concession that it cannot support an order affirming
4  the decision, the Court concludes that the decision does not support its ultimate conclusions.

5  2.  Remand is appropriate in this case

6  The decision whether to remand a matter pursuant to sentence four of 42 U.S.C. § 405(g) or
7  to order immediate repayment of benefits is within the discretion of the district court. Harman v.
8  Apfel, 211 F.3 1172, 1178 (9th Cir. 2000). When a court reverses an administrative agency
9  determination, the proper course, except in rare instances, is to remand to the agency for additional
10 investigation or explanation. Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (citing INS v.
11 Ventura, 537 U.S. 12, 16 (2002)). Generally, an award of benefits is directed where no useful
12 purpose would be served by further administrative proceedings, or where the record is fully
13 developed. Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1399 (9th Cir. 1988).

14 As noted above, the RFC determined by the ALJ is not supported by the medical evidence
15 and is not supported by the hypothetical posed to the VE. Thus, the VE's opinions are of no
16 assistance. Moreover, the ALJ's ultimate conclusion is not consistent with the RFC or the medical
17 evidence. Because the ALJ's decision is riddled with errors[3], and because it is not clear that an
18 award of benefits to Plaintiff should result after all of these issues are addressed, the Court cannot
19 provide effective or meaningful review at this time. Therefore, the Court will order the matter
20 **REMANDED**. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (the decision to remand for
21 further proceedings or simply award benefits is within the discretion of the court).

22 Upon remand, the Commissioner is **ORDERED** to resolve the inconsistencies that exist in
23 the record. Although the Court agrees that on the record as it stands, no additional medical evidence
24 is needed. However, because Plaintiff asserts the right to present updated medical evidence, the
25 Court can easily anticipate a situation where these "updated records" would justify the ALJ obtaining

---

27 [3]The Court is dismayed that these errors were not discovered, at a minimum, when the Appeals Council conducted its reviewed.

28

additional evidence and precluding this evidence would be error.  However, if Plaintiff does not present updated medical records upon remand, the Court **ORDERS** that the ALJ will determine the issues outlined here upon the record as it constituted currently.  Moreover, if the ALJ determines that the proper RFC is entirely consistent with Dr. Kim's opinion, no additional testimony should be taken from a VE because the VE was asked a hypothetical that considered all of Dr. Kim's opinions. (AR at 47)

## **CONCLUSION**

Based on the foregoing, this matter is hereby **REMANDED** for further proceedings consistent with this decision.  The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff.

IT IS SO ORDERED.

Dated:   **July 22, 2010**                                    /s/ Jennifer L. Thurston
                                                                  UNITED STATES MAGISTRATE JUDGE