UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIE ROGERS, JR., | ) | 1:09-cv-02158-JLT |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR ATTORNEYS FEES PURSUANT TO EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) | (Doc. 19) |

Plaintiff seeks an award of attorneys fees and costs as the prevailing party despite that the matter was ordered remanded over his objection. Defendant objects because he claims that Plaintiff's opposition to the motion to remand was unreasonable. For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's requests.

## **BACKGROUND**

On June 16, 2010, Defendant filed a motion to remand this matter to the Social Security Administration pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 13). Defendant stated that "[r]emand is necessary because the Administrative Law Judge's (ALJ) residual functional capacity (RFC) finding conflicts with the hypothetical posed to the vocational expert, on which the ALJ relied in his decision (Administrative Record (AR) 14, 46)." (Doc. 13 at 1). Noting that the ALJ's RFC finding "limits the claimant to two hours walking, standing, and sitting in an eight-hour day, while the hypothetical on which the ALJ relied allows for standing and walking for two hours and sitting for six hours," Defendant requested remand to "permit the ALJ to

1

clarify whether the RFC finding is accurate, or whether the hypothetical posed to the vocational expert is accurate." (Id.) Defendant argued that "[b]ecause there are different outcomes depending on the ALJ's clarification, further proceedings are necessary rather than a remand for payment of benefits." (Id. at 2).

Plaintiff opposed the motion for remand, arguing that an award of benefits was warranted. (Doc. 16). He argued that the second hypothetical posed by the ALJ to the vocational expert "mirror[ed]" his RFC and that the VE opined that a person with such limitations could not work.[1]

The Court rejected Plaintiff's argument in its remand order. (Doc. 17 at 4). The Court found that neither hypothetical posed to the VE was fully supported by the medical evidence nor did it "mirror" Plaintiff's RFC. (Id.) Thus, the Court found that the ALJ's RFC was not supported by the medical evidence or the hypotheticals posed to the VE and that the ALJ's decision was "riddled with errors." As a result, the Court ordered the matter remanded for further proceedings "because it is not clear that an award of benefits to Plaintiff should result after all of these issues are addressed." (Id. at 5).

In the current motion, Plaintiff seeks fees according to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

## ANALYSIS

1. Fees awardable under the EAJA

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1] As recounted in the Court's remand order, the second hypothetical "described a person who could lift and carry less than 10 pounds, stand approximately 30 minutes at a time, walk a maximum of one-and-a-half blocks and sit for two hours." (Doc. 17 at 3); AR at 47. In addition, the person in this hypothetical was "described to have difficulty in using the left upper extremity at and above the shoulder level, and in bending and was precluded from kneeling, stooping or squatting." (Doc. 17 at 3); AR at 46-47.

2

1  Fees awarded under this section must be reasonable and Plaintiff bears the burden of proof. See
2  Hensley v. Eckerhart, 461 U.S. 424, 434, 437 (1983); see also Atkins v. Apfel, 154 F.3d 986, 988
3  (9th Cir. 1998) (specifically applying these principles to fee requests under the EAJA).  In
4  addition, "fees and expenses may not be awarded to a party for any portion of the litigation in
5  which the party has unreasonably protracted the proceedings." 28 U.S.C. § 2412(d)(2)(D).

      2. Plaintiff's attorney's fees request must be modified downward

7        Plaintiff seeks $3,377 in fees and costs made up of attorneys fees expended in 2009 and
8  2010.  The hourly rates vary from year-to-year although both exceed the EAJA authorized rates.
9  Plaintiff asserts that although the EAJA authorizes an hourly cap of $125.00, this rate may be
10 increased "where there has been an increase in the cost of living and where 'special factors'
11 exist." (Doc. 19 at 7).  Based on "the cost of living," Plaintiff contends that his counsel is
12 entitled to compensation at the higher hourly rates just described. (Doc. 19 at 7).  Also, Plaintiff
13 requests compensation for 2.5 paralegal hours of work at the rate of $112.12 per hour (a total of
14 $280.30). (See Doc. 19-1).

15       Defendant has not opposed compensation at this higher rate.  Likewise, he does not
16 contend that Plaintiff is not entitled to an award of EAJA fees or challenge Plaintiff's request for
17 compensation for the work performed by the paralegal.  Rather, he asserts that the total amount
18 requested is unreasonable because it includes 11.5 hours of attorney time spent contesting his
19 motion for remand. (See Doc. 20 at 2-4).  Defendant contends that if the 11.5 hours of work
20 performed by Plaintiff's counsel opposing the motion to remand is deleted from the fees request,
21 Plaintiff is entitled to an award of only $1,028.70. (Id. at 4).

22       a. The hourly rate requested by Plaintiff is reasonable

23       28 U.S.C. § 2412(d)(2)(A)(ii) provides for a fee in excess of the $125.00 cap if "the court
24 determines that an increase in the cost of living or a special factor, such as the limited availability
25 of qualified attorneys, justifies a higher fee." In Thangaraja v. Gonzalez, 428 F.3d 870 (9th Cir.
26 2005), the court held that the EAJA "provides for an unpward adjustment of the $125 rate . . .
27 based on cost-of-living expenses." Id. at 376.  The court stated that the increases "are calculated
28 by multiplying the $125 statutory rate by the annual consumer price index figure for all urban

consumers ("CPI-U") for the years in which counsel's work was performed, then dividing by the CPI-U for March 1996, the effective date of EAJA's $125 statutory rate." Id. at 377.

Plaintiff cites the Ninth Circuit Court of Appeals website to justify rates under this cost-of-living formula of $172.24 per hour for work performed in 2009 and $174.62 per hour for work performed in 2010. Defendant has not contested the appropriateness of compensation at these adjusted hourly rates. The Court has confirmed these rates by the Ninth Circuit. As a result, compensation at the higher hourly rates is reasonable.

b. Compensation for attorney hours spent opposing remand is unreasonable

Defendant opposes an award of attorney's fees for work spent by counsel opposing his motion to remand. Defendant contends that he "sought to voluntarily remand this case very early in the litigation. . . . [and] recognized and raised the issue of remand at the earliest opportunity to avoid opposing counsel's and the Court's unnecessary work in preparing and reviewing motions on the merits for a case that the Commissioner conceded should be remanded." (Doc. 20 at 2). Defendant notes that ultimately, the Court ordered the matter remanded for further proceedings according to his request and that the Court expressly rejected Plaintiff's request for a remand only for an award of benefits. (Id.) Defendant contends that the hours spent by Plaintiff's counsel opposing remand constitutes approximately two-thirds of the fee requested and delayed the remand for months and notes that "Plaintiff received no additional benefit from counsel's decision to unnecessarily extend the litigation." (Id. at 3).

In Uphill v. Barnhart, 271 F.Supp.2d 1086 (E.D. Wis., July 3, 2003), the court articulated a "framework" for analyzing EAJA claims when the Commissioner has sought remand. In particular, the court addressed the situation in which the plaintiff opposed remand in order to obtain a judicial award of benefits. 271 F.Supp.2d at 1091. The court determined that the key issue was "whether plaintiff's expectation of such an award was reasonable." Id. at 1092. The court noted that the purpose of the EAJA was to eliminate the financial disincentive to challenge unreasonable governmental action and to encourage counsel to take cases involving such challenges. Id. The court noted further that in social security cases "it is particularly important to encourage counsel to seek a judicial award of benefits if there is a reasonable chance of

1  obtaining it" and stated that "[i]f counsel has a reasonable chance of obtaining benefits from the
2  court, without another round of administrative proceedings (and the attendant delay), he or she
3  should be encouraged to pursue that remedy." Id.

4       Uphill explained that "a judicial award [of benefits] is proper only when all essential facts
5  have been resolved and the record clearly establishes that the plaintiff is entitled to benefits."
6  271 F.Supp.2d at 1093; see also Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004) (holding
7  that when a court reverses an administrative decision, the proper course, except in rare instances,
8  is to remand to the agency for additional investigation or explanation).  In addition, the court
9  noted that "[i]t is the Commissioner's job to weigh evidence, resolve material conflicts make
10 independent findings of fact, and . . . [w]here conflicting evidence would allow reasonable minds
11 to differ" it is the Commissioner, and not the court, who must determine whether the plaintiff is
12 entitled to benefits.  Uphill, 271 F.Supp.2d at 1093.  As a result, the court determined that "in
13 cases where the plaintiff unsuccessfully seeks a judicial award, his EAJA fee petition is properly
14 evaluated under the flexible approach set forth above." Id.

15      The Uphill court determined that because both sides "agreed that the ALJ failed to
16 properly evaluate evidence favorable to plaintiff, the credibility of plaintiff's complaints of pain .
17 . . remand was clearly the proper remedy" and noted that the ALJ, and not the court "is
18 responsible for weighing the evidence and resolving conflicts in testimony." Uphill, 271
19 F.Supp.2d at 1094.  The court found that under these circumstances "plaintiff should not have
20 expected that I would order reinstatement of benefits on the state of the record." Id.  The court
21 concluded that "[b]ecause the record did not compel a finding of disability . . . his opposition to
22 remand for the purpose of obtaining an award was unreasonable." Id.

23      Nevertheless, the court concluded that Plaintiff's opposition to remand obtained "some
24 benefit." Uphill, 271 F.Supp.2d at 1096.  In particular, the court noted that Plaintiff's efforts
25 elicited statements in the court's remand order "which will guide the ALJ on remand. . . . [and]
26 may well result in a more expeditious determination of the claim and obviate the need for further

judicial review."[2] Id. As a result, the court held that "because the initial decision was "so flawed [that] additional guidance was necessary, and such guidance is a benefit to the plaintiff. . . . about 20% of counsel's time can reasonably be ascribed to arguing the burden of proof and evaluat[ing] procedur[al] issues." Id.

Other courts appear also to have assessed the reasonableness of a claimant's opposition to remand in determining whether EAJA fees for opposing remand should be allowed. In McClellan v. Astrue, 2009 WL 426542 (E.D. Cal., Feb. 20, 2009), the Commissioner objected to "3.4 hours of time Plaintiff's attorney spent rejecting the Commissioner's offer to voluntarily remand the case and drafting an opposition to the motion to remand." Id. at *3. The Commissioner argued that fees opposing remand were not justified because "Plaintiff did not prevail on the motion and, thus, unnecessarily prolonged the order and judgment of remand." Id.

The court rejected the Commissioner's contention that Plaintiff "unnecessarily prolonged" the matter. McClellan, 2009 WL 426542 at *3. The court noted that the Commissioner had not filed its motion to remand until three months after Plaintiff filed a summary judgment motion. Finding that "by the remand motion, the Commissioner essentially conceded that there were deficiencies in the administrative proceedings prior to Plaintiff's filing of this action in federal court," the court allowed compensation for the "3.4 hours of time spent rejecting the Commissioner's voluntary offer." Id.

Likewise, in Penrod v. Apfel, 54 F.Supp.2d 961 (D. Ariz. 1999), the court rejected the Commissioner's contention "that Plaintiff 'unnecessarily prolonged' these proceedings by opposing its motion to remand." Id. at 963. The court noted, like the court in McClellan, that the Commissioner did not seek remand until two months after Plaintiff filed for summary judgment. Thus, the court reasoned that it was the Commissioner who unnecessarily prolonged proceedings by failing to correct what it conceded were "obvious deficiencies" in the administrative decision. Id.

---

[2] Though the order issued here clarified the "obvious deficiencies" contained in the ALJ's order, this clarification was obtained through the expenditure of the Court's efforts. Plaintiff's opposing papers provided the Court no assistance in its endeavor to clarify the issues. Thus, Court declines to follow Uphill and reward Plaintiff's effort with an award of attorney's fees.

1  Here, Plaintiff opposed remand and argued for an award of benefits based upon his
2 assertion that his RFC was identical to the second hypothetical posed to the VE in response to
3 which the VE opined that such a person could not work.  However, the Court determined in its
4 remand order that this assertion was unsupported.  (Doc. 17 at 4). The Court noted also that "it
5 does not appear that either hypothetical was fully supported by the medical evidence" and that
6 the ALJ's decision "is not consistent with the RFC or the medical evidence" and "is riddled with
7 error." Id.  However, based upon the state of the record, it was "unclear that an award of benefits
8 to Plaintiff should result after all these issues are addressed, the Court cannot provide meaningful
9 review at this time." (Id. at 5).  Under such circumstances, the Court concludes that Plaintiff
10 should not reasonably have expected that the Court would order a remand simply for an award of
11 benefits.  Instead, the Court finds that Plaintiff's opposition to the motion to remand
12 "unnecessarily prolong[ed]"[3] the proceedings and the basis for opposing remand was
13 unreasonable.  Therefore, the Court will **DENY** compensation for the hours expended opposing
14 the remand.[4,5]

15  Upon review of the documentation submitted by Plaintiff, it appears that counsel spent a
16 total of 11.5 hours of work in matters related to Defendant's remand motion, only a part of that
17 time was spent preparing an opposition to the remand motion.  (See Doc. 19-1 at 1-2).  For
18 instance,  Plaintiff claims 3.6 hours of attorney time for "receipt and review of defendant's
19 motion for remand; review of file and conduct of legal research regarding issues presented."
20 (Doc. 19-1 at 1).  However, .5 hours was billed on this same day for much of the same work.
21 Thus, this amount will be reduced to .2 hours leaving 3.8 compensable hours for these tasks.
22 This amount of time was spent reasonably by Plaintiff's counsel to determine whether to oppose

---

[3] 28 U.S.C. section 2412(d)(2) states that "fees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted proceedings."

[4] In this case, unlike the situation in McClellan and Penrod, the Commissioner sought remand *prior* to the filing of any briefs by the parties.

[5] The Court is mindful that Plaintiff was ordered to file documents explaining his opposition to the request to remand.  The Court's action was necessitated by the absence of explanation for Plaintiff's refusal to stipulate to the remand.  However, as noted in Footnote 2, Plaintiff's opposing papers failed to elucidate the issues.

7

1  remand. Plaintiff also seeks compensation for .5 hours spent by counsel in preparing an e-mail
2  and engaging in "telephonic communication" regarding the motion to remand. (Doc. 19-1 at 1).
3  The Court finds that this time was reasonably spent despite the later decision to oppose the
4  motion to remand. Therefore, this amount will be allowed.
5      Plaintiff seeks compensation for .9 hours for time spent by counsel reviewing and
6  respond to the stipulation for remand sent to her by Defendant. (Doc. 19-1 at 1). The Court
7  finds that time spent reviewing this stipulation was reasonable but spending 54 minutes
8  reviewing a stipulation, without any explanation that the stipulation was extensive, complicated
9  or unreasonably complicated, is excessive. Therefore, the Court will allow .2 hours for this
10 work. Therefore, the time spent on these non-opposition, remand-related matters totals 4.5 hours.
11 For the reasons outlined, the Court concludes that compensation for this time should be allowed.
12     Defendant raises no opposition to the reasonableness of the hours spent by Plaintiff's
13 counsel working on matters unrelated to the remand motion and he does not object to
14 compensation at $112.12 for 2.5 hours of time spent by a paralegal with Plaintiff's counsel's
15 firm. (See Doc. 19-1 at 1). Given this, the Court concludes that the amount sought for this time
16 is reasonable. This amounts to a total of .7 hours of attorney work time in 2009 (at $172.24 per
17 hour) for a total of $120.57 and 8.9 hours of attorney work time in 2010 (at $174.64 per hours)
18 for a total amount of $1,554.20. In addition, the 2.5 hours of work performed by the paralegal
19 totals $280.30 (2.5 hours at $112.12 per hour). Thus, Plaintiff's request for fees is **GRANTED**
20 **IN PART** and **DENIED IN PART**. The Court **ORDERS** Plaintiff awarded $1,955.07 in
21 attorney's fees.
22     2. Plaintiff is not entitled to $60.00 in costs
23     Plaintiff requests $60.00 for the cost of service of the summons and complaint borne by
24 Plaintiff's counsel's law firm. (Doc. 19 at 6). Defendant opposes awarding costs. Defendant
25 contends that "there are no provisions in the Social Security Act to permit costs to be charged
26 against the Defendant Commissioner." (Doc. 20 at 4). In addition, he contends that Plaintiff has
27 failed to substantiate his request for costs. On the latter point, the Court agrees. Other than
28 asserting that he has incurred $60.00 in costs related to service of the summons and complaint,

Plaintiff has provided no documentation.  In light of this failure, Plaintiff's request for costs is **DENIED**.

       3.  <u>Award of the fees under the EAJA must be to Plaintiff and not his counsel</u>

Plaintiff requests that the Court make the EAJA fees payable to his counsel. (Doc. 19 at 9). Defendants oppose this request and argue that payment must be to Plaintiff and not his attorney. In support, Plaintiff cites the recently decided case of <u>Astrue v. Ratliff</u>, ___ U.S. ___, 130 S.Ct. 2521 (2010).

In <u>Ratliff</u>, the Supreme Court held that an award of fees under the EAJA is payable to the litigant and not his attorney and, therefore, is subject to offset to satisfy pre-existing debt which the litigant might owe to the United States. 130 S.Ct. at 2524. In <u>Ratliff</u>, the Government notified a social security claimant that it would apply EAJA fees that had been awarded to her to offset a portion of her outstanding federal debt. <u>Id</u>. at 2525. Ratliff, the claimant's attorney, intervened to challenge the offset on the grounds that EAJA fees belong to a litigant's attorney and, thus, could not be used to offset a litigant's federal debts. <u>Id</u>.

The court disagreed. The court reiterated that the language of 28 U.S.C. § 2412(d)(1)(A) awards fees "to a prevailing party" and held that the plain language of the statute mandated that fees be awarded to the claimant and not his or her attorney and, as a result, would be subject to any offset for debts owed by the claimant to the Government. <u>See Ratliff</u>, 130 S.Ct. at 2525-27. In reaching this conclusion, the court held that although language in 42 U.S.C. § 406(b)(1)(A) of the Social Security Act made fee awards "under that statute directly payable to a prevailing claimant's attorney," the lack of such language in 28 U.S.C. § 2412(d)(1)(A) made the court "reluctant to interpret the latter provision to contain a direct fee requirement absent clear textual evidence supporting such an interpretation." 130 S.Ct. at 2527-28. Clearly, the Court determined that an award directly to a claimant's attorney was not supported by the language of § 2412(d)(1)(A) and would frustrate the Government's ability to offset any debts owed by the claimant to the Government as provided by other federal statutes.

Plaintiff argues that <u>Ratliff</u> "did not reach the issue of whether the EAJA fee payment to the plaintiff constitutes a payment as a representative payee." (Doc. 19 at 9). However, as

stated, Ratliff held that payments under the EAJA are to be made to the litigant personally and were subject to offset. Adopting Plaintiff's argument would be counter to the Court's holding that payment of EAJA amounts are to be made to the litigant and also would frustrate the statutory provisions for offset. For these reasons, the Court declines to direct that EAJA fees be made payable to Plaintiff's counsel.

Accordingly, Plaintiff's motion for attorney's fees and expenses (Doc. 19) under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. Plaintiff's request for attorney's fees is **GRANTED** in the amount of $1,955.17 and all other attorney fee requests are **DENIED**;
2. Plaintiff's request for costs in the amount of $60.00 is **DENIED**;
3. Plaintiff's request that the award of fees be may payable to counsel is **DENIED**.

IT IS SO ORDERED.

Dated:  **November 3, 2010**              /s/ Jennifer L. Thurston
                                  UNITED STATES MAGISTRATE JUDGE